## HOLMES v. ATLAS GARAGE DOOR CO. et al.

### No. 2559–Y.

District Court, S. D. California, Central Division.

June 11, 1943.

Lyon & Lyon, by Reginald E. Caughey, both of Los Angeles, Cal., for plaintiff.

Carlos G. Stratton, of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The above-entitled cause heretofore tried and submitted is now determined as follows:

■ Judgment is ordered entered for the plaintiff as prayed for in the complaint. The Court finds that the patent in suit, covered by Letters Patent No. 2,228,314, is good and valid in law, is not anticipated, that Claims 1 to 5 and 10 to 12 thereof are infringed by the defendants, and that plaintiffs are entitled to a permanent injunction against the defendants and an accounting.

■■ I am of the view that the patented device constitutes invention over the prior art. It is a patentable combination which achieves a new and better result not attained by any device in the prior art. Even if the elements of novelty be, as contended by the defendants, limited to the arcuate slot, nut and bolt, in order to achieve flexibility and adjustability, the combination of these elements with the others is patentable invention. Concededly, there is no device in the prior art which contains these elements or achieves this result. The fact that each of these elements may exist, separately, in one form or another, in the prior art, does not invalidate the patent in suit. As said in Atlantic Refining Co. v. James B. Berry Sons' Co., 3 Cir., 1937, 106 F.2d 644, 650: "The defense offered is a mosaic defense and as was said by this court in Craft-Stone, Inc. v. Zenitherm Co., Inc., 3 Cir., 22 F.2d 401, 402, 'The patentee invented a new and useful product, and it is not permissible for an infringer to go to the prior art and defeat the patent by selecting the various elements of the patentee's process from different patents, bring them together, and say that this aggregation anticipates. Knowledge after the event is always easy, and problems once solved present no difficulties.'" And see my opinion in Kammerer Corp. v. McCullough, D.C. 1941, 39 F. Supp. 213, 216.

Costs are awarded to the plaintiff.

Findings and interlocutory decree and order of reference to be prepared by counsel for the plaintiff under Local Rule 8. The interlocutory decree shall also provide for an injunction to issue out of this court enjoining and restraining the defendants, their agents, servants, employees and attorneys, and those in active concert and participating with them, and each of them, from manufacturing or causing to be manufactured, selling or offering for sale, using or causing to be used, or otherwise

disposing of any device embodying or containing the said patented invention as patented in and by said Letters Patent No. 2,228,314, and from infringing and violating the rights of the plaintiffs in said Letters Patent in any way whatsoever.

It is further ordered that reference be had to the Honorable David B. Head, United States Commissioner, as Master, for an accounting to ascertain the damages and profits, if any, to be recovered by the plaintiffs.